Filed 3/4/22  P. v. Kelley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Glenn)

----

| | |
|---|---|
| THE PEOPLE, | C094392 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CR15702, 21CR15824, 21CR15833) |
| v. | |
| JON FREDERICK KELLEY III, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Jon Frederick Kelley III has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## FACTS AND HISTORY OF THE PROCEEDINGS

On December 25, 2020, defendant fired a nine-millimeter pistol into a home occupied by the male victim. Defendant also assaulted a female victim with the gun and sprayed mace on the male victim.

On December 27, 2020, defendant threatened to harm a female peace officer and her family. Later that day, defendant threatened to harm a male peace officer and his family.

In case No. 20CR15702, defendant was charged with two counts of attempted murder (Pen. Code, §§ 664/187, subd. (a); statutory section citations that follow are to the Penal Code), willful discharge of a firearm (§ 246), unlawful use of tear gas (§ 22810, subds. (a), (g)(1)), being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and being a felon in possession of ammunition (§ 30305, subd. (a)(1)). As to the attempted murder charges, it was further alleged defendant personally and intentionally discharged a firearm. (§ 12022.53, subd. (c).)

In case No. 21CR15833, defendant was charged with making a criminal threat. (§ 422, subd. (a).)

In case No. 21CR15824, defendant was charged with two counts of resisting an executive officer (§ 69) and one count of interfering in a public employee's performance of duty (§ 71, subd. (a)).

In April 2021, defendant reached a global resolution in all three cases, with a stipulated aggregate prison sentence of 20 years. In case No. 20CR15702, defendant pleaded guilty to assault with a deadly weapon, shooting at an inhabited dwelling (§ 246), and unlawful use of tear gas (§ 22810, subds. (a), (g)(1)). He further admitted that he committed the assault while personally using a firearm. (§ 12022.5, subd. (a).) The parties stipulated to a prison term of 18 years eight months.

In case No. 21CR15833, defendant pleaded guilty to making a criminal threat. (§ 422, subd. (a).) The parties stipulated to a prison term of eight months.

In case No. 21CR15824, defendant pleaded guilty to unlawfully interfering with a public official. (§ 71.) The parties stipulated to a prison term of eight months. All remaining counts and allegations in each of the three cases were dismissed.

In May 2021, the trial court allowed defendant to withdraw the guilty pleas because the parties had miscalculated the agreed-upon total sentence.

In June 2021, defendant pleaded guilty again to the above-noted charges plus certain additional charges, as follows: (1) in case No. 20CR15702, assault with a deadly weapon, shooting at an inhabited dwelling, unlawful use of tear gas, and being a felon in possession of a firearm (§29800, subd. (a)(1)); (2) in case No. 21CR15833, making a criminal threat; (3) in case No. 21CR15824, one count of resisting an executive officer (§ 69) and one count of interfering in a public employee's performance of duty. The parties stipulated to an aggregate prison term of 19 years.

Later that month, the trial court sentenced defendant to prison for 19 years, as follows: (1) in case No. 20CR15702 four years for the assault plus 10 years for the personal use of a firearm allegation, one year eight months consecutive for shooting at an inhabited dwelling, eight months consecutive for using tear gas, and eight months consecutive for being a felon in possession of a firearm; (2) in case No. 21CR15833 eight months consecutive for making a criminal threat; and (3) in case No. 21CR15824 eight months consecutive for resisting an executive officer and eight months consecutive for interfering in a public employee's performance of duty.

The trial court awarded custody credit. The trial court also imposed the following fees and fines: (1) in case No. 20CR15702 a $5,100 restitution fine (§ 1202.4, subd. (b)) and a corresponding $5,100 parole revocation fine (suspended unless parole is revoked) (§ 1202.45); (2) in case No. 21CR15824 a $600 restitution fine (§ 1202.4, subd. (b)) and a corresponding $600 parole revocation fine (suspended unless parole is revoked)

3

(§ 1202.45); and (3) in case No. 21CR15833 a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45).

Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

We have undertaken an examination of the entire record and find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____
HULL, Acting P. J.


We concur:



_____
MAURO, J.



_____
DUARTE, J.